IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL RAY BERRYMAN,                                              PLAINTIFF
ADC #660070

v.                           2:17CV00201-KGB-JTK

TYRONE ALLISON, et al.                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Michael Berryman is a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action. (Doc. No. 2). By Order dated November 29, 2017, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to file an Amended Complaint, noting that his allegations against Defendants Allison and East Arkansas Regional Unit failed to state a constitutional claim for relief (Doc. No. 5). Plaintiff filed an Amended Complaint, adding Warden Andrews and Major Knotts as Defendants (Doc. No. 7). However, noting that his allegations against these two Defendants also failed to state constitutional claims for relief, the Court on December 18, 2017, granted Plaintiff one final opportunity in which to amend his Complaint, within thirty days (Doc. No. 8). The Court specifically directed Plaintiff to: "submit a single document which lists his Defendants, specifies the actions each of the Defendants took against Plaintiff, and how those actions violated Plaintiff's constitutional rights. In addition, Plaintiff should include specific facts about

2

Defendants' involvement with the incident at issue, together with their knowledge of the situation or certain facts which are directly related to that incident. Plaintiff should, as noted in previous Orders, include, where applicable, dates, times, and places of the alleged inappropriate actions of the Defendant(s)." (Doc. No. 8, pp. 2-3)

As of this date, Plaintiff has not submitted a second Amended Complaint in accordance with the Court's Order.

## II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32

3

(1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III. Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleged in his Original Complaint that Defendant Allison falsely charged him with a disciplinary violation. However, the filing of a false disciplinary charge is not itself actionable under § 1983. Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994). In addition, as noted in the November 29, 2017 Order, the East Arkansas Regional Unit is not a suable entity (person) in this § 1983 lawsuit. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70 (1989).

In his first Amended Complaint, Plaintiff then added as Defendants Warden Andrews and Major Knotts (Doc. No. 7). However, his allegation of failure to investigate against Andrews

failed to support a constitutional claim for relief,[1] and his allegations against both Andrews and Knotts were based on their supervisory capacities, which also does not state a claim for relief. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

Therefore, absent additional allegations against Defendants, the Court finds that Plaintiff's claims against them fail to state constitutional claims for relief and that this action should be dismissed.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.     The Court certify that an in forma pauperis appeal from an Order and Judgment

---

[1] See Brockinton v. City of Sherwood, 503 F.3d 667, 672 (8th Cir.2007) (where the court held that a failure to investigate must shock the conscience to support a constitutional violation). A negligent failure to investigate does not rise to the level of a constitutional violation. Id.

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 23rd day of January, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE